Below is a Memorandum Decision of the Court.



**Brian D. Lynch**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:                                                     Case No. 11-40939-BDL

BRIAN DENNIS BRUCE,                          **MEMORANDUM OPINION RE:**
                                                              **TRUSTEE'S OBJECTION TO**
                          Debtor.                       **CONFIRMATION**

## STATEMENT OF FACTS

Debtor Brian Bruce ("Bruce") initially filed this chapter 7 case on February 28, 2011, and converted to chapter 13 on August 6, 2012. His post-conversion Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form B22C") showed his gross wages, salary, expenses, and other costs. Line 2 in the Form B22C for Bruce indicated $5120.28 and for his wife was $179.92, for a total Current Monthly Income of $5300.20. [Dkt# 33]. For his household size of three (his wife and child and himself), Bruce's annualized current monthly income ("CMI") is below median for Washington State.

To determine disposable income, 11 U.S.C. § 1325(b)(2) requires that expenses "reasonably necessary to be expended … for the maintenance or support of the debtor or a

MEMORANDUM OPINION RE: TRUSTEE'S OBJECTION TO CONFIRMATION - 1

dependent of the debtor" be deducted from Bruce's CMI. For below median debtors, disposable income is typically calculated by taking CMI and subtracting expenses and deductions from Schedules I and J. *Id.*

In an Amended Schedule I filed post-conversion, Bruce claimed monthly payroll deductions of $160.33 for a 401(k) plan[1] and $32.50 for a 401(k) loan repayment; Bruce's original Schedule I filed with his chapter 7 petition showed monthly 401(k) contributions of $195.00 plus the $32.50 401(k) loan repayment. Bruce has worked as an engineer at DLI Engineering Corp since November 2006 and has contributed to his 401(k) regularly. The current balance in his 401(k) according to his Amended Schedule B is $13,600.

Bruce's Chapter 13 plan [Dkt# 34] proposes committing the equivalent of $900 per month to the Trustee for 36 months, to be used to pay secured claims and administrative claims. In Paragraph IV.E. of the Plan, Bruce estimates that nonpriority unsecured claims will receive 0% of their claims.

The Chapter 13 Trustee objected to the proposed Plan [Dkt# 41], arguing that the 401(k) contributions "constituted disposable income and had to be committed to repay allowed claims," and further maintaining that as the 401(k) loan would be repaid in full by November 2013, the Plan had to provide for a $32.50 increase in payments at that point. The Trustee relied on the recent Ninth Circuit Bankruptcy Appellate Panel decision of *In re Parks,* 475 B.R. 703 (B.A.P. 9th Cir. 2012).

Bruce concedes the second point, but argues that the 401(k) is the only pension plan which his employer offers and that the employer offers a matching contribution through the

---

[1] 26 U.S.C. § 401(k).

401(k) plan; he contends that *Parks* is inapplicable to below median debtors; and he challenges *Parks* both as bad policy and bad law.

## CONCLUSIONS OF LAW

The Court has jurisdiction under 28 U.S.C. § 1334. Chapter 13 plan confirmation disputes are core proceedings under 28 U.S.C. § 157(b)(2)(L).

The Court concludes that the proposed 401(k) contributions in the Bruce plan are permissible. First, Bruce is a below median debtor. Whether Bruce's expenses are reasonably necessary under § 1325(b)(2) is a factual determination for the Court. The 401(k) contributions in this case are reasonably necessary for the maintenance and support of the debtor and his dependents. *Parks* does not alter this conclusion because in *Parks* the Court looked at § 707(b)(2) to determine whether 401(k) contributions are other necessary expenses. Section 707(b)(2) is inapplicable to determining whether expenses are reasonably necessary for debtors with below median income. Second, the Court concludes the average of contributions made to the 401(k) during the six months prior to filing must be excluded from Bruce's income in calculating "current monthly income" and in turn from the calculation of "disposable income" under 11 U.S.C. §1325(b)(2), as provided in 11 U.S.C. § 541(b)(7A)(i). This reading of § 541(b)(7)(A)(i) was not argued by the debtor in *Parks.*

### I. The 401(k) Contributions in the Extant Case Are Reasonably Necessary, and Not Barred by *Parks* Because the Debtor Has a Below Median Income

In calculating whether expenses are reasonably necessary for the debtor and the debtor's dependents under 11 U.S.C. § 1325(b)(2), above-median debtors are limited to expenses determined "in accordance with subparagraphs (A) and (B) of section 707(b)(2)." 11 U.S.C. § 1325(b)(3). Section 707(b)(2) is the so-called "means test." "When it introduced the means test, Congress provided, by reference to the IRS guidelines, specific guidance as

to what qualifies as a necessary expense for the purposes of applying the test." *Parks* at 709 (citing *Egebjerg v. Anderson*, 574 F.3d 1045, 1052 (9th Cir. 2009)). Voluntary contributions to a 401(k) plan are not necessary expenses under the means test. *Id.*

By contrast, the current monthly income of Mr. Bruce and his spouse is below median. Therefore, the § 707(b)(2) means test and the IRS guidelines are not incorporated into the determination of "reasonably necessary" expenses for purposes of determining disposable income under § 1325(b)(2). Rather, the test applicable to below median debtors under §1325(b)(2)(A)(i) is the same as applied to all debtors before passage of BAPCPA.[2] It is a factual determination for a trial court. Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Ed., § 165.1 at ¶ 1, Sec. Rev. 6/14/04, www.Ch13online.com.

Although the majority of cases addressing whether voluntary contributions to a retirement account are "reasonably necessary" expenses hold they are not reasonable, Lundin and Brown, *supra* at § 165 ¶ 38, under certain circumstances, courts have allowed the deduction of contributions from disposable income. *In re Fields,* 190 B.R. 16,18-19 (Bankr. D. N. H. 1995).

In this case, the Court notes the following: the monthly amount contributed ($160.33) is reasonable relative to the debtor's gross monthly income ($5501.37); the contribution has actually been reduced since the debtor initially filed a chapter 7; Bruce is allowed a match by his employer for the contribution enhancing the value of the contribution; Bruce's Schedule J budget is reasonable; and the employer offers and Bruce has no other form of pension or retirement.

---

[2] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (April 20, 2005).

Bruce points out, and the United States Social Security Administration confirms,[3] that except for the largest employers and government agencies, the cost of traditional pension plans is prohibitive, and that 401(k) plans, TSP's, and IRA's have become the primary retirement vehicle for private employees in this country:

> Back in the day, the 401(k) – if you had one – was just a supplement to a good old-fashioned pension. An optional way to juice up your retirement. Today, for most Americans, pensions are history and the 401(k) is the main event, after Social Security.[4]

The cases holding that voluntary contributions to a pension plan are not reasonably necessary were written at a time when employers were more likely to maintain defined benefit pension plans. Also, although the subject of some dispute, courts looking at the treatment of 401(k) contributions and loan repayments have recognized a new solicitude in BAPCPA to 401(k) and similar plans. *See, e.g., In re Smith*, No. 09–64409, 2010 WL 2400065, *3 (Bankr. N.D.Ohio, June 15, 2010)("the enactment of section 541(b)(7) injected a policy favoring retirement savings into the bankruptcy code. Therefore, the harsh approach toward 401(k) contributions taken by courts pre-BAPCPA is no longer warranted.")[5]  It is unfair for a debtor making reasonable contributions to a 401(k) plan to be barred from deducting those amounts

---

[3] Barbara Butrica et al., *The Disappearing Defined Benefit Pension and Its Potential Impact on the Retirement Incomes of Baby Boomers*, 69 SOC. SEC. BULL'N (No.3) 2009, (available at http://www.ssa.gov/policy/docs/ssb/v69n3/v69n3p1.pdf).

[4] On Point with Tom Ashbrook, *Is the 401(k) Working?,* NPR RADIO, dated May 29, 2012 (available at http://onpoint.wbur.org/2012/05/29/is-the-401k-working); *see also* Ashlea Ebeling, *Americans Clueless About Life Expectancy, Bungling Retirement Planning*, FORBES MAGAZINE, dated August 10, 2012 (available at http://www.forbes.com/sites/ashleaebeling/2012/08/10/americans-clueless-about-life-expectancy-bungling-retirement-planning/).

[5] In BAPCPA's legislative history, Congress specifically recognized that amendments relating to "some retirement, education, and other savings generally would make less money available [to creditors]." H.R. Rep. 109-31(I), 109th Cong., 1st Sess., 2005 U.S.C.C.A.N. 88, 115, 2005 WL 832198, at *43 (Apr. 8, 2005).

in determining disposable income, while similarly-situated employees with involuntary contributions to a defined benefit plan are allowed to fully deduct those contributions before determining disposable income.

## II. 401(k) Contributions Made During the Six-Month Period Prior to Filing Must Be Deducted From the Debtor's Current Monthly Income to Determine Disposable Income

The statute which addresses whether 401(k) contributions may be deducted in calculating disposable income is 11 U.S.C. § 541(b)(7)(A). This provision states that property of the estate does not include any amount:

> (A) withheld by an employer from the wages of employees for payment as contributions
>
> > (i) to-
> >
> > > (I) an employee benefit plan that is subject to Title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a Governmental plan under section 414(d) of the Internal Revenue Code of 1986;
> > >
> > > …
> >
> Except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2)….

In the *Parks* decision, the Bankruptcy Appellate Panel adopted the analysis of earlier cases which interpreted 11 U.S.C. 541(b)(7)(A), including *In re Prigge,* 441 B.R. 667 (Bankr. D. Mont. 2010) and *In re McCullers,* 451 B.R. 498, 503-05 (Bankr. N.D. Cal. 2011). *In re Parks,* 475 B.R. *at* 707. *Parks* held that "by reading § 541(a)(1) and § 541(b)(7)(A) together, the most reasonable interpretation of § 541(b(7)(A) is that it excludes from property of the estate only those 401(k) contributions made before the petition date." *Parks* at 708. *Parks* accepts the rationale offered in *Prigge* that the purpose of the statute is "to protect amounts withheld by employers from employees that are in the employer's hands at the time of filing bankruptcy, prior to remission of the funds to the plan." *Id. Parks* then concludes:

MEMORANDUM OPINION RE: TRUSTEE'S OBJECTION TO CONFIRMATION - 6

From here, it follows that "such amount" referred to in the hanging paragraph of § 541(b)(7)(A) means that only prepetition contributions shall not constitute disposable income. *In re McCullers,* 451 B.R. at 503-04. As a consequence, we are persuaded that the term "except that" in the hanging paragraph was designed simply to clarify that the voluntary retirement contributions excluded from property of the estate <u>are not postpetition income to the debtor.</u>

*Id.* (emphasis added).

This latter statement seems to resolve a nonexistent problem. If one accepts the initial premise of *Parks* that § 541(b)(7)(A) only excludes prepetition amounts withheld by any employer for a 401(k) or similar plan from treatment as property of the estate, and "such amount" could only be withheld from prepetition income of the debtor, it is unclear how those amounts could ever be characterized as postpetition income. Moreover, since § 1325(b)(2) relies on the six month look-back period to determine CMI for disposable income, it is not even clear what practical significance there would be if prepetition 401(k) contributions would be characterized as postpetition income. *Cf. In re McCullers,* 451 B.R. at 504-05 (noting but nevertheless endorsing the fact that "*Prigge* gives the ["except that"] language a very limited effect, because it is unlikely even without the language in question that excluding sums earned by the debtor prepetition from property of the estate would ever be construed as creating postpetition disposable income to debtor.")

11 U.S.C. § 1325(b)(2), enacted by BAPCPA, introduced a new definition for disposable income: "'Disposable income' is now defined as 'current monthly income received by the debtor' less 'amounts reasonably necessary to be expended' for the debtor's maintenance and support, for qualifying charitable contributions, and for business expenditures. § 1325(b)(2)(A)(i) and (ii). 'Current monthly income,' in turn, is calculated by averaging the debtor's monthly income during what the parties refer to as the six–month look-back period, which generally consists of the six full months preceding the filing of the

1  bankruptcy petition.  *See* § 101(10A)(A)(i)."  *Hamilton v. Lanning,* 130 S.Ct. 2464, 2469-70

2  (2010).

3      Reading the "except that" clause at the end of § 541(b)(7)(A)(i) and the definition of

4  disposable income in §1325(b)(2) together, the import of § 541(b)(7)(A) is that not only are

5  prepetition contributions to a 401(k) plan not property of the estate (per *Parks*), but that "such

6  amounts" also do not count as disposable income as calculated under §1325(b)(2).  *Parks* at

7  709.  Without the "except that" clause at the end of § 541(b)(7)(A)(i), contributions to a 401(k)

8  during the six month look-back period would not be deductible in calculating disposable

9  income.   Therefore,  the  inclusion  of  that  clause  was  intended  to  make  clear  that  those

10  contributions "shall not constitute disposable income as defined in section 1325(b)(2)."  §

11  541(b)(7)(A)(i).

12

13      This interpretation of the "except that" clause addresses a real and significant issue,

14  one created by Congress when it redefined "disposable income" in BAPCPA: even though

15  prepetition 401(k) contributions are not property of the estate, but for this clause, they could

16  still  be included in income in determining CMI and disposable income in a chapter 13 case.[6]

17  The "except that" clause excludes those contributions during the look-back period from CMI,

18  and by extension, from disposable income.  "Disposable income" in turn is used to determine

19

20

21

22

_____

23  [6] The fact that contributions are not property of the estate does not by itself mean that those
   contributions may not be included in the calculation of disposable income.  The "projected disposable
24  income" test of § 1325(b)(1) for confirmation, commonly referred to as the "best efforts" test is different
   than, and in addition to, the "liquidation" test of § 1325(a)(4), commonly referred to as the "best
25  interests" test.  Both are requirements for confirmation.  *In re Seafort,* 437 B.R. 204, 217 (B.A.P. 6th
   Cir. 2010) (Shea-Stonum, *dissenting)*; *In re Cordes,* 147 B.R. 498, 504-05 (Bankr. D. Minn. 1992)*.*

MEMORANDUM OPINION RE: TRUSTEE'S OBJECTION TO CONFIRMATION - 8

the "projected disposable income" under § 1325(b)(1)(A), which determines how much a debtor must pay into the plan for unsecured creditors.[7]

The bankruptcy cases in this Circuit, relied on by the Ninth Circuit BAP in *Parks,* do not address this argument directly.

In *In re Prigge,* 441 B.R. 667 (Bankr. Mont. 2010), the debtor deducted 401(k) expenditures from his scheduled monthly disposable income of Form B22C. He had actually not been making voluntary contributions to his 401(k) for some time, before resuming payments two months before filing his petition at an amount substantially below the amount he sought to deduct from disposable income. *Id.* at 670. The bankruptcy court noted that IRS regulations were incorporated for above median debtors such as the debtor, by cross-reference of section 1325(b)(3) to section 707(b)(2). *Id.* at 672, 676. The Court then determined that IRS guidelines do not consider voluntary retirement contributions to be necessary expenses. *Id.* at 676. And found no other provision in the Code similar to § 1322(f), including § 541(b)(7), which would allow exclusion of 401(k) contributions from disposable income. *Id.* at 677.

In *In re McCullers,* 451 B.R. 498 (Bankr. N.D. Cal. 2011), the debtor sought to deduct postpetition 401(k) contributions on his Form B22C on the basis that § 541(b)(7)(A) is intended to exclude both prepetition and postpetition contributions from property of the estate, that "he is entitled to deduct contributions in the maximum amount permissible under a 401(k)

---

[7] *But see, Hamilton v. Lanning*, at 2475: "[A] court taking the forward-looking approach [to "projected" disposable income] should begin by calculating disposable income, and in most cases, nothing more is required. It is only in unusual cases that a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses." It well may be that, if after filing Bruce had determined prior to confirmation to cancel his 401(k) contributions going forward, the Court could consider that change in calculating projected disposable income. There is no evidence of such a change.

plan, and that the total amount deducted over the life of the plan does not exceed the deductions authorized under section 1322(f) and section 541(b)(7)." *Id.* at 500. It appears that the debtor only started making the contribution which he proposed to deduct from disposable income in the month prior to filing. *Id.* at 500. The Court rejected the debtor's argument by interpreting § 541(b)(7)(A) as limited to prepetition contributions, and accepted *Prigge*'s very limited reading of the "except that" clause. *Id.* at 504. The Court did not address whether the debtor could have deducted the average of any 401(k) contributions during the six-month period prepetition in calculating disposable income. In both *Prigge* and *McCullers,* the debtors and the courts focused on whether § 541(b)(7)(A) excludes postpetition contributions from disposable income, and whether such postpetition contributions are reasonably necessary expenses under § 707(b)(2), but did not address the CMI side of the disposable income calculation.

The Sixth Circuit Bankruptcy Appellate Panel took an approach similar to what this Court is advocating when it held that a debtor could not commence 401(k) payments when a 401(k) loan was paid off during a plan because the exclusion in § 541(b)(7)(A) is limited to prepetition contributions to such plans. *In re Seafort*, 437 B.R. 204 (B.A.P. 6th Cir. 2010). At the same time, that Court concluded that if the debtors were making contributions to 401(k) plans when the case commenced, which they were not, they could continue to make those contributions, relying on the language excluding such amounts (i.e., the prepetition contributions to a 401(k) plan) from "disposable income." The Court did not elaborate how the exclusion of prepetition contributions from "disposable income" would permit continued 401(k) contributions, as that issue was not before the court.

This decision was upheld by the Sixth Circuit in *Seafort v. Burden,* 669 F.3d 662 (6th Cir. 2012), although the Sixth Circuit did state in footnote 7 to its decision, that it did not believe that 401(k) contributions could be deducted in calculating disposable income, citing *Prigge.* 669 F.3d at 674 n.7. The Sixth Circuit acknowledged that that issue was not before the Court, *id.*, and the approach advanced today by this Court appears not to have been raised by the parties.

Lastly, a word about the statutory construction of the "except that" clause in 11 U.S.C. § 541(b)(7)(A)(i). The *Parks* opinion and its predecessors assign significance to the fact that the exclusion of 401(k) loan repayments from disposable income resides specifically within chapter 13, while the exclusion for 401(k) contributions resides in chapter 5. This argument would be more persuasive if the exclusion of 401(k) loan repayments from disposable income had been placed in § 1325(b)(2), with other disposable income exclusions and deductions. Instead it is appended to a provision prohibiting chapter 13 plans from modifying 401(k) loans in § 1322(f). The exclusion of 401(k) contributions from disposable income is in § 541(b), appended to the exclusion of such contributions from property of the estate. Neither provision is located where one might expect to see deductions from disposable income, § 1325(b)(2). Instead, their location appears to be driven by the placement of the other provisions dealing with 401(k) loan repayments and 401(k) contributions to which they are appended, and their location denotes no significance on the question of their effect on disposable income.

The *Parks* case also gives significance to the "except that" conjunction at the beginning of the exclusion of 401(k) contributions from disposable income, concluding that it supports a very limited interpretation of that phrase. In the process, it ignores the substantial similarity in language between the exclusions from disposable income of 401(k) contribution amounts in §

541(b)(7)(A)(i), and 401(k) loan repayment amounts in § 1322(f), which this Court views as more significant than the ambiguous words, "except that."

In summary, this Court accepts *Parks's* holding that under § 541((b)(7)(A) only prepetition 401(k) contributions are excluded from property of the estate and therefore only prepetition contributions are excluded from disposable income as defined in § 1325(b)(2). But this Court further holds that the "except that" clause at the end of § 541(b)(7)(A)(i) excludes prepetition contributions from the calculation of CMI if such contributions were made in the six-month look-back period. If 401(k) contributions are deducted from the debtor's income during that six-month period prepetition, they are not disposable income "as that term is defined in section 1325(b)(2)," and the monthly average of the contributions during that period must be deducted in the calculation of disposable income.

The Trustee's objection is overruled. Bruce's 401(k) contributions scheduled in his Amended Schedule I need not be counted as disposable income. The Trustee shall submit an order confirming the debtor's plan after Bruce files an amended plan deleting the increase in contributions when the 401(k) loan is paid off.

***END OF MEMORANDUM DECISION***